1  Sheri M. Thome, Esq.
   Nevada Bar No. 008657
2  Tania B. Bonilla, Esq.
   Nevada Bar No. 015703
3  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
   6689 Las Vegas Blvd. South, Suite 200
4  Las Vegas, Nevada 89119
   sheri.thome@wilsonelser.com
5  tania.bonilla@wilsonelser.com
   *Attorneys for Defendant*
6  *Jaret Kyle Stern*

7

8                      **UNITED STATES DISTRICT COURT**

9                             **DISTRICT OF NEVADA**

10

11 HUNTER MCCANN, an individual;              CASE NO.:   2:24-cv-00128-APG-DJA

12                Plaintiff,
                                              **REVISED JOINT DISCOVERY PLAN AND**
13    v.                                      **(~~PROPOSED~~) SCHEDULING ORDER**

14 JARET, KYLE STER, DOES 1 through 100,      **SPECIAL SCHEDULING REVIEW**
   and ROE CORPORATIONS 1 through 100,        **REQUESTED**
15 inclusive,

16                Defendant.

17        The parties, by and through their counsel of record, hereby submit the following Joint

18 Discovery Plan and [Proposed] Scheduling Order pursuant to Rule 26(f)(3) and LR 26-1(d):

19        1.     Initial Pleadings: The Complaint in this matter was filed on December 1, 2023, and

20 was served upon Defendant on December 18, 2023. Defendant Jaret Kyle Stern (the "Defendant")

21 filed his Answer on January 8, 2024. On January 18, 2024, Defendant filed its Petition for Removal

22 to Federal Court Under 28 U.S.C. Section 1332 and 1441(b)(Diversity).

23        2.     Meeting of Counsel Pursuant to Rule 26(f) and LR 26-1(d): The Rule 26(f)

24 conference was held on February 7, 2023. Ofelia Markarian, Esq. of the Ofelia Markarian Law

25 Group PLLC participated on behalf of HUNTER MCCANN (the "Plaintiff") and Tania G. Bonilla,

26 Esq. of the law firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP, participated on behalf of

27 JARET KYLE STERN.

28

292892897v.1

3. <u>Rule 26(a)(1) Disclosures</u>: The parties shall make all disclosures required by Rule 26(a)(1) no later than March 1, 2024.

4. <u>Discovery Scope and Limits</u>: The parties may conduct discovery on all issues, claims and defenses raised in the pleadings filed in this matter, and any other matters reasonable calculated to lead to the discovery of admissible evidence. Parties propose that each party may propound a total of forty (40) Requests for Production in accordance with Fed. R. Civ. P. 34, forty (40) Requests for Interrogatories in accordance with Fed. R. Civ. P. 33 and forty (40) Requests for Admissions in accordance with Fed. R. Civ. P. 36.

5. <u>Discovery of Electronically Stored Information</u>: The parties have discussed the retention and production of electronic data. The parties consent to electronic service of any and all discovery documents. Said service shall be deemed completed by sending an email with the related discovery document(s) to all service addresses for counsel and counsel's staff on record with the court for the above-captioned matter at the time of service. The parties further agree, when serving by email, if any error or delayed delivery message is received by the sending party, the party shall promptly notify the intended recipient(s) of the message and serve the pleadings or other papers by other authorized means. Further, the parties agree to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties reserve the right to revisit this issue if a dispute or need arises.

6. <u>Alternative Dispute Resolutions</u>: The parties certify that they conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

7. <u>Issues Concerning Handling Claims of Privilege</u>: NONE.

8. <u>Reasons for Special Scheduling Review, per Local Rule 26-1(d)</u>:  The parties are seeking longer discovery deadlines due to the nature of the case, existence of numerous medical providers, extensivity of property and personal damages, and the fact that Plaintiff is still treating. Due to the facts of the case, parties will need to obtain several experts which parties anticipate will need additional time to complete their investigations and expert opinions. As the parties are not

trying to inconvenience each other and each other's experts, the parties believe that the extended discovery deadline benefits the case. Counsel for parties have not had any discovery disputes before the court, and they are confident they can continue to cooperatively schedule the remaining discovery and work with their clients to produce whatever information is deemed necessary by the other side.

9. <u>Discovery Cut-Off</u>: The parties shall complete all discovery in this matter no later than October 13, 2024, which is 269 days from January 18, 2024, the date on which Defendant Jaret Kyle Stern appeared. Here Defendant "answered or otherwise appeared" when he filed his Petition for Removal to federal court on January 18, 2024.

10. <u>Deadline for Amending the Pleadings and Adding Parties</u>: July 15, 2024.

11. <u>Rule 26(a)(2) Disclosures</u>: The parties shall disclose all expert witnesses and reports required by Rule 26(a)(2) no later than August 14, 2024. The parties shall disclose all rebuttal expert witnesses and reports no later than September 13, 2024.

12. <u>Dispositive Motions</u>: Dispositive motions shall be filed no later than November 12, 2024.

13. <u>Joint Pretrial Order</u>: The Joint Pretrial Order shall be filed no later than December 12, 2024, unless a dispositive motion is filed. If a dispositive motion is filed, the Joint Pretrial Order will not be due until 30 days after the dispositive motion is decided.

14. <u>Trial Estimate</u>: The parties estimate the trial in this case will last approximately five days.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated this 16th day of February, 2024 | Dated this 16th day of February, 2024. |
| **OFELIA MARKARIAN LAW GROUP PPLC.** | **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP** |
| */s/ Ofelia Markarian, Esq.* | */s/ Tania Bonilla, Esq.* |
| Ofelia Markarian, Esq.<br>Nevada Bar No. 014736<br>823 Las Vegas Blvd. South, Ste. 330<br>Las Vegas, NV  89101<br>*Attorneys for Plaintiff* | Sheri M. Thome, Esq.<br>Nevada Bar No. 008657<br>Tania G. Bonilla, Esq.<br>Nevada Bar No. 015703<br>6689 Las Vegas Blvd. South, Suite 200<br>Las Vegas, NV 89119<br>*Attorneys for Defendant* |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 2/20/2024